

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,638-01

### EX PARTE RICHARD WAYNE BARBER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 91-036A IN THE 207TH DISTRICT COURT FROM CALDWELL COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of burglary of a habitation and sentenced to thirty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant says that he is eligible for and that the Parole Board must release him to mandatory supervision (MS)[1] on this sentence, but he says the Parole Board is not doing so because he is also

---

[1] For offenses committed between August 29, 1977 to August 31, 1996, inmates eligible for MS were entitled to release to MS when their calendar time in prison, plus their accrued good conduct time, equaled 100% of their sentence. *See* former TEX. CODE CRIM. PROC. art. 42.12 § 15(c) (eff. Aug. 29,1977), re-codified (eff. Sep. 1, 1985) and amended (eff. Sep. 1, 1987) at TEX. CODE CRIM. PROC. art. 42.18 § 8(c).

serving a concurrent sentence for which he is not being released to discretionary mandatory supervision (DMS)[2].

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name. The trial court shall make findings of fact and conclusions of law regarding Applicant's claim, and the trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

---

[2] For crimes committed on or after September 1, 1996, MS became discretionary based on enumerated statutory factors. *See* TEX. CODE CRIM. PROC. art. 42.18 § 8(c) (eff. Sep. 1,1996), re-codified at TEX. GOV'T CODE § 508.149(b) (eff. Sep. 1,1997).

Filed:          September 16, 2020
Do not publish